UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNE MANGANO and JOSEPH MANGANO,

    Plaintiffs,

v.                                          Case No: 2:15-cv-123-FtM-29CM

GARDEN FRESH RESTAURANT CORP.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand (Doc. #8) filed on March 18, 2015. Defendant filed a Response (Doc. #9) on March 26, 2013, to which Plaintiffs filed a Reply (Doc. #11) on April 6, 2015. For the reasons set forth below, the motion is granted.

Plaintiffs filed a run-of-the-mill slip and fall case in state court in which Plaintiff Anne Mangano claimed she slipped and fell in Defendant's restaurant due to its negligence, and Plaintiff Joseph Mangano claimed that he suffered a loss of consortium as a result of his wife's fall. Both claims asserted damages in excess of $15,000, the state circuit court jurisdictional amount. Defendant filed a Notice of Removal (Doc. #1) based upon diversity of citizenship and damages in excess of $75,000. The parties agree there is complete diversity of citizenship, but disagree as to the amount in controversy component. As the party seeking

federal jurisdiction, the burden is upon Defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Under the JVCA, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As an exception to this rule, the Notice of Removal may assert the amount in controversy if the initial pleading seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Id. § 1446(c)(2)(A), (B). A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount. Dart, 135 S. Ct. at 554.

In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue is

whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000.

The Notice of Removal premises its amount in controversy on two factors: (1) the nature of the damages Plaintiff Anne Mangano claims in the Complaint, and (2) Plaintiffs' refusal to stipulate that their damages do not exceed $75,000. The Court finds neither of these is sufficient.

In the Complaint, Plaintiff Anne Mangano alleges that she slipped on the floor at one of Defendant's restaurants and:

> was caused to be injured in and about her body and extremities, was caused to sustain significant scarring and disfigurement, suffered pain therefrom, both mental and physical, was caused to undergo treatment from various medical doctors and related medical care for treatment of her injuries; was caused to suffer a diminishment in her ability to lead a normal life and to engage in her normal activities; was caused to incur obligations for large sums of money for treatment for her injuries; and the injuries suffered by her are permanent in nature with a reasonable degree of medical probably, and all of said losses and impairments will continue in the future.

(Doc. #2, ¶ 12.) Additionally, Plaintiff Joseph Mangano alleges that as a result of his wife's injuries "he has lost his wife's services, society, companionship, and consortium." (Id. at ¶ 14.) Further, each Plaintiff alleges that his or her damages exceed the $15,000 jurisdictional amount for Florida's circuit courts. (Id. at p. 4.)

According to Defendant, the Court should infer from these allegations that Plaintiffs necessarily seek more than $75,000 in

damages. In response, Plaintiffs' counsel has provided an affidavit in which he states that his review of Plaintiffs' documentation reveals "that the recoverable medical expenses are significantly less than $75,000." (Doc. #10-1, ¶ 8.) In the Court's experience, the types of allegations in the Complaint are more boilerplate than factually descriptive of a given case. The Court finds no reason to discredit the testimony of Plaintiffs' counsel that the alleged injuries did not result in significant recoverable medical expenses, although of course this is not the entire measure of damages. Even accounting for Joseph Mangano's separate claim for damages unrelated to his wife's medical expenses, the allegations in the Complaint are insufficient to establish a plausible basis to believe that there is a preponderance of evidence which establishes an amount in controversy in excess of $75,000.

Defendant notes that Plaintiffs have refused to stipulate that their damages do not exceed $75,000. As the Eleventh Circuit has explained, there are many reasons why a plaintiff would refuse such a stipulation. Williams, 269 F.3d at 1320. In the circumstances of this case, Plaintiffs' refusal to stipulate to the amount of damages adds little weight, and is insufficient to plausibly show the necessary amount in controversy.

The prior version of the removal and remand statutes was interpreted to allow defendant to use affidavits, declarations, or other documentation to establish the amount in controversy.

Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). Assuming that practice continues, the Court considers defense counsel's affidavit stating that Plaintiffs' counsel advised him that Plaintiffs' claim is a "bigger case," and that Plaintiffs' medical bills alone were "probably in the $75,000 range." (Doc. #9-4.) In response, Plaintiffs' counsel states that he made no such representations. (Doc. #10-1.) The Court finds that these competing affidavits do not aid Defendant in plausibly establishing the amount in controversy. Moreover, even if the conversation in question did take place as Defendant's counsel recollects, it is akin to a settlement offer, which "commonly reflect[s] puffing and posturing, and . . . is entitled to little weight in measuring the preponderance of the evidence." Kilmer v. Stryker Corp., No. 14-CV-456, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

In sum, the Court concludes that Defendant has failed to plausibly establish that a preponderance of the evidence exists to establish that the amount in controversy at the time of removal exceeded $75,000.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Remand (Doc. #8) is **GRANTED.** The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida,

and to transmit a certified copy of this Order to the Clerk of that Court.

    2.    The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

    **DONE and ORDERED** at Fort Myers, Florida, this   11th   day of May, 2015.

                                      JOHN E. STEELE
                                      UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record